**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4273

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD B. BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:04-cr-01089-PMD-1)

Submitted:  July 17, 2008          Decided:  August 20, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward B. Bennett appeals the district court's judgment sentencing him to ten months' imprisonment and twenty-six months' supervised release after finding he violated terms of his supervised release. The term of imprisonment was within the advisory Sentencing Guidelines range of imprisonment. Bennett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there exist no meritorious grounds for appeal and conceding the sentence was reasonable. Bennett was notified of the opportunity to file a pro se supplemental brief but chose not to do so. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable, and if so, whether it is "plainly" so. Id. While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.

We find no error with respect to the district court's decision to revoke Bennett's supervised release and sentence him to a term of ten months' imprisonment.  There was also no error with respect to the district court's application of the Sentencing Guidelines in determining Bennett's advisory guidelines range of imprisonment.  Likewise, we find no error with the direction that Bennett serve five months of his supervised release in a residential reentry program.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's order revoking Bennett's supervised release and imposing a ten month sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -